Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000
mmcpherson@mofo.com


Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

| | |
|---|---|
| ITA COHEN,<br>on behalf of herself and all<br>others similarly situated,<br><br>                Plaintiff,<br><br>     v.<br><br>CAPITAL ONE, N.A.,<br><br>              Defendant. | No.  12-CIV-5368<br><br>ECF Case<br><br><br>**DEFENDANT CAPITAL ONE, N.A.'S ANSWER TO CLASS ACTION COMPLAINT** |

-----------------------------------------------------------------

      Defendant Capital One, N.A. ("Defendant") responds as follows to each numbered paragraph of the Class Action Complaint (the "Complaint") filed in the above-captioned case. For clarity, Defendant has repeated the section headings of the Complaint, but does not admit that those headings are an accurate or fair representation of Defendant's alleged conduct.

<u>**INTRODUCTION**</u>

    1.    Defendant states that insofar as paragraph 1 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  To the extent that paragraph 1 contains allegations that are neither conclusions of law nor conclusions of law purporting to be allegations of fact, Defendant admits that Plaintiff purports to bring this action

under the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*., and its implementing regulations, 12 C.F.R. § 205 *et seq.*

2.    Defendant states that insofar as paragraph 2 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 2.

3.    Defendant states that insofar as paragraph 3 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 3.

4.    Defendant states that insofar as paragraph 4 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 4.

5.    Defendant states that insofar as paragraph 5 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 5.

6.    Defendant states that insofar as paragraph 6 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 6.

7.    Defendant states that insofar as paragraph 7 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 7.

8.    Defendant states that insofar as paragraph 8 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 8.

9.    Defendant states that insofar as paragraph 9 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 9.

sf-3180492

## JURISDICTION AND VENUE

10.    Defendant admits that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693 *et seq.*

11.    Defendant states that insofar as paragraph 11 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  To the extent that paragraph 11 contains allegations that are neither conclusions of law nor conclusions of law purporting to be allegations of fact, Defendant admits that it operates ATMs in this judicial district.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 11 that Plaintiff's claims asserted in the Complaint arose in this judicial district and on that basis denies the allegation.

12.    Defendant states that insofar as paragraph 12 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 12.

## PARTIES

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 13 and on that basis denies the allegation.

14.    Defendant admits that it is a banking entity and/or corporation with an ATM located at 220 East 42nd Street, New York, New York.

15.    [No paragraph 15 in Plaintiff's Complaint]

16.    Defendant states that insofar as paragraph 16 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant admits that it operates ATMs.

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions contained in paragraph 17 and on that basis denies the allegations.

sf-3180492

18.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences, and conclusions contained in paragraph 18 and on that basis denies the allegations.

19.   [No paragraph 19 in Plaintiff's Complaint]

20.   Defendant states that insofar as paragraph 20 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  To the extent that paragraph 20 contains allegations that are neither conclusions of law nor conclusions of law purporting to be allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences, and conclusions contained in paragraph 20 and on that basis denies the allegations, but admits that, to the extent there was not a notice on the machine at the time of the alleged transaction, the notice may have been inadvertently removed by someone other than Defendant notwithstanding the maintenance of procedures reasonably adopted to insure that the notices are placed and remain on the ATM machine.

21.   Defendant states that insofar as paragraph 21 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 21.

## CLASS ALLEGATIONS

22.   Defendant admits that Plaintiff purports to bring this suit on behalf of herself and a putative class.

23.   Defendant admits that Plaintiff purports to seek to represent a class of persons defined as all persons who (1) were charged a "terminal fee" at ATM E489 located at 220 East 42nd Street, New York, New York, where (2) no notice indicating that such a fee was to be charged was posted on the outside of the ATM machine due to the installation and upgrade done related to ATM compliance with the Americans with Disabilities regulations by Golden Eagle Nationwide Implementation Solutions, a party Capital One hired to do that work 3) on or after

the time when the fee notice was removed by Golden Eagle Nationwide Implementation Solutions and on or before the time the fee notice was reposted.

24.    Defendant states that insofar as paragraph 24 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 24.

25.    Defendant admits that there have been at minimum fifty users of the Capital One ATM in the year preceding the filing of this Complaint but denies that there are, at minimum, fifty members of the putative class or that certification of a class is proper here.

26.    Defendant states that insofar as paragraph 26 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 26.

27.    Defendant states that insofar as paragraph 27 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 27.

28.    Defendant states that insofar as paragraph 28 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  To the extent that paragraph 28 contains allegations that are neither conclusions of law nor conclusions of law purporting to be allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences, and conclusions contained in paragraph 28 and on that basis denies the allegations.

29.    Defendant states that insofar as paragraph 29 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  To the extent that paragraph 29 contains allegations that are neither conclusions of law nor conclusions of law purporting to be allegations of fact, Defendant admits Plaintiff purports to bring this case on

sf-3180492

behalf of a putative class of individuals who used an ATM machine operated by Defendant to make an electronic fund transfer or balance inquiry and were charged a terminal owner fee without notice of the fee on the ATM machine.  Defendant denies the remaining allegations.

30.    Defendant states that insofar as paragraph 30 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 30.

31.    Defendant states that insofar as paragraph 31 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 31.

32.    Defendant states that insofar as paragraph 32 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  To the extent that paragraph 32 contains allegations that are neither conclusions of law nor conclusions of law purporting to be allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences, and conclusions contained in paragraph 32 and on that basis denies the allegations.

33.    Defendant states that insofar as paragraph 33 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  To the extent that paragraph 33 contains allegations that are neither conclusions of law nor conclusions of law purporting to be allegations of fact, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences, and conclusions contained in paragraph 33 and on that basis denies the allegations.

**<u>SUBSTANTIVE VIOLATIONS</u>**

34.    Defendant states that insofar as paragraph 34 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required.  However, to the

extent a response is required, Defendant denies each and every allegation contained in paragraph 34.

36. Defendant states that insofar as paragraph 35 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required. However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 35.

36. Defendant states that insofar as paragraph 36 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required. However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 36.

37. Defendant states that insofar as paragraph 37 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required. However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 37.

38. Defendant states that insofar as paragraph 38 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required. However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 38.

39. Defendant states that insofar as paragraph 39 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required. However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 39.

40. Defendant states that insofar as paragraph 40 states conclusions of law or conclusions of law purporting to be allegations of fact, no response thereto is required. However, to the extent a response is required, Defendant denies each and every allegation contained in paragraph 40.

41.   Defendant admits Plaintiff seeks the imposition of statutory damages, costs of suit, and attorneys' fees.

## PRAYER FOR RELIEF

Responding to Plaintiff's request for relief, Defendant admits that Plaintiff purports to seek on behalf of herself and the members of the putative class:

A.   An order certifying the putative class and appointing Plaintiff as the representative of the putative class, and appointing counsel for Plaintiff as counsel for the class;

B.   An award to Plaintiff and the members of the putative class of statutory damages;

C.   Payment of the costs of suit; and

D.   Payment of reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendant asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint, and each and every claim therein, fails to state facts sufficient to constitute a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (15 U.S.C. § 1693m(c))

Pursuant to 15 U.S.C. § 1693m(c), to the extent that a violation is established, any such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

### (15 U.S.C. § 1693h(d))

Pursuant to 15 U.S.C. § 1693h(d), to the extent that a violation is established, any such violation was not intentional and was caused by a third party's removal, damage to, or alteration of the posted notice.

sf-3180492

## FOURTH AFFIRMATIVE DEFENSE

### (15 U.S.C. § 1693m(d))

Pursuant to 15 U.S.C. § 1693m(d), to the extent that a violation is established, Defendant acted in good faith conformity with rules, regulations, and interpretations of the Electronic Fund Transfer Act.

## FIFTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

Defendant denies that Plaintiff and/or any member of the purported class has suffered any injury or damage whatsoever, and further denies that it is liable to Plaintiff and/or any member of the purported class for any of the injury or damage claimed or for any injury or damage whatsoever.

## SIXTH AFFIRMATIVE DEFENSE

### (Damages Capped - 15 U.S.C. § 1693m(a)(2)(B)(ii).)

To the extent that members of the putative class suffered injury or damage, which Defendant denies, such injury or damage is capped at $500,000.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Reliance)

Plaintiff's claim, and that of the purported class, is barred in whole or in part, because Plaintiff did not rely on the statements or omissions of which Plaintiff now complains, and moreover, the alleged statements or omissions were not material.

## EIGHTH AFFIRMATIVE DEFENSE

### (Ratification or Consent)

Plaintiff's claim is barred by Plaintiff's ratification and/or consent to the conduct of which he complains.

## NINTH AFFIRMATIVE DEFENSE

### (Voluntary Payment Doctrine)

Plaintiff's claim is barred by the voluntary payment doctrine.

sf-3180492

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint and each of its purported causes of action are barred, in whole or in part, by the equitable doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint and each of its purported causes of action are barred, in whole or in part, by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Causation)

To the extent that Plaintiff and/or the purported class suffered injury or damage, which Defendant denies, such injury or damage was not proximately caused by any conduct or inaction of Defendant, or was not foreseeable, or both.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is barred by the doctrine of unclean hands from asserting the claims in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiff does not have standing to assert the claims in the Complaint because she has not suffered an injury-in-fact.

## RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely upon such other further affirmative defenses as may become available during discovery in this action and reserves the right to amend its Answer to assert any such defenses as necessary.

sf-3180492

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing this action with prejudice on the merits;

2. Awarding Defendant its reasonable costs as may be allowed by law; and

3. Awarding Defendant such other and further relief as the Court deems just and proper.

Dated: New York, New York
   August 13, 2012

       By:    s/ Mark David McPherson

          Mark David McPherson
          MORRISON & FOERSTER LLP
          1290 Avenue of the Americas
          New York, New York 10104-0050
          (212) 468-8000
          mmcpherson@mofo.com

          Attorneys for Defendant

sf-3180492