Shimshon Wexler
THE LAW OFFICES OF SHIMSHON
WEXLER, PC
P.O. Box 250870
New York, New York 10025
(212) 760-2400
shimshonwexler@yahoo.com

Attorneys for Plaintiff

Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
212.468.8000
mmcpherson@mofo.com

Rebekah Kaufman (*admitted Pro Hac Vice*)
Colette M. LeBon (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94109
(415) 268-7000
rkaufman@mofo.com
clebon@mofo.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

ITA COHEN,
on behalf of herself and the class,

      Plaintiff,

  -against-

CAPITAL ONE, N.A.,

      Defendant.

-----------------------------------------------------------------x

Index No. 12-CIV-5368-VM

ECF CASE

**JOINT INITIAL PRETRIAL REPORT**

## I. THE PARTIES' POSITIONS ON THE TOPICS OF THE "INITIAL PRETRIAL CONFERENCE CHECKLIST."

### A. Possible Limitations on Document Preservation (Including Electronically Stored Information).

The parties do not propose limitations on the preservation of documents, including electronically stored information, nor do the parties anticipate any disputes regarding the preservation of discoverable information.

### B. Appropriateness of Initial Disclosures Pursuant to Rule 26(A)(1)

No changes are proposed regarding initial disclosures. The parties do not believe that there is a readily identifiable document or category of documents that should be produced in lieu of initial disclosures. Initial disclosures were exchanged on October 11, 2012.

### C. Possibility of a Stay or Limitation of Discovery Pending a Dispositive Motion.

The parties do not anticipate a stay or limitation of discovery pending a dispositive motion.

### D. Possibility of Communication/Coordination Between the Magistrate Judge and District Judge With Respect to Pretrial Matters.

The parties anticipate that the Magistrate Judge and District Judge may need to coordinate with each other with respect to pretrial matters.

### E. Preliminary Issues That Are Likely to Arise That Will Require Court Intervention.

The parties do not anticipate any preliminary issues that are likely to require Court intervention.

sf-3204200

### F. Discovery Issues That Are Envisioned and How Discovery Disputes Will Be Resolved.

The parties do not anticipate any discovery disputes. In the event discovery disputes do arise, they will be resolved in accordance with this Court's Standing Order regarding Pilot Project Case Management Techniques for Complex Civil Cases.

### G. Proposed Discovery Including:

#### 1. Limitations on Types of Discovery Beyond Those in the Rules (i.e., Waiver of Interrogatories, Requests for Admission, Expert Depositions).

The parties do not anticipate placing any limitations on the types of discovery allowed by the Federal Rules of Civil Procedure.

#### 2. Limitations on Scope of Discovery.

The parties do not anticipate placing any limitations on the scope of fact discovery.

#### 3. Limitations on Timing and Sequence of Discovery.

See Civil Case Management Plan and Scheduling Order.

#### 4. Limitations on Restoration of Electronically-Stored Information.

See Joint Electronic Discovery Submission No. 1.

#### 5. Agreement to Allow Depositions of Trial Witnesses Named if Not Already Deposed.

The parties agree to allow the deposition of trial witnesses named if not already deposed only if the witness was not previously disclosed in sufficient time to allow their deposition prior to the applicable discovery deadline. In so agreeing, the parties do not waive their right to object to the witness at trial.

#### 6. Preservation Depositions.

The parties do not anticipate any disputes regarding preservation depositions.

sf-3204200

### 7. Foreign Discovery and Issues Anticipated.

The parties do not anticipate conducting any foreign discovery.

### H. Schedule (as Appropriate and Possibly Excluding Public Agency Cases) Including:

The parties propose the following dates for discovery.

### 1. Date(s) for Completion of Discovery.

Fact discovery should be complete approximately 120 days from the Court's Scheduling Order, specifically by not later than March 1, 2013.

Expert discovery should be complete by August 5, 2013.

### 2. Date(s) for Dispositive Motions.

Dispositive motions regarding the named Plaintiff's claim shall be filed no later than 9 weeks from the close of fact discovery, specifically by not later than May 3, 2013. Any other dispositive motions shall be filed no later than 8 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

### 3. Date(s) for Exchange for Expert Reports.

Plaintiff's expert report shall be due by June 3, 2013.

Defendant's expert report shall be due by July 3, 2013.

### 4. Date(s) for Exchange of Witness Lists.

Witness lists will be exchanged 8 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

### 5. Date(s) for Joint Preliminary Trial Reports and Final Joint Trial Reports.

Deadline for the Joint Preliminary Trial Reports shall be 8 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim and the Final Joint Trial

Report shall be due 10 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

### 6.  Date for Case Management Conference.

The Case Management Conference shall be set for 11 weeks from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim.

### I.  Issues to Be Tried.

Plaintiff's Statement: Plaintiff contends that Defendant violated the EFTA because there was no fee sticker when she did her transaction. Plaintiff contends that the affirmative defenses provided by the EFTA are not available to Defendant as they are not applicable in this situation.

Defendant's Statement: Defendant denies that it has violated the EFTA. To the extent that there was not a fee notice sticker on the machine at the time of the alleged transaction, Defendant contends that the absence of a fee sticker 1) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error, or 2) was not intentional and was caused by a third party's removal, damage to, or alteration of the posted notice.

### 1.  Ways in Which Issues Can Be Narrowed to Make Trial More Meaningful and Efficient.

Plaintiff's Statement: Plaintiff believes that a determination that the affirmative defenses which defendant has put forth are not applicable here.

Defendant's Statement: Defendant expects that Plaintiff's claim can be summarily adjudicated in Defendant's favor.

### 2.  Whether There Are Certain Issues as to Which a Mini-Trial Would Be Helpful.

The parties do not anticipate that there will be any issues as to which a mini-trial would be helpful.

sf-3204200

### J. Bifurcation.

The parties do not believe this case is suitable for bifurcation.

### K. Class Certification Issues.

Plaintiff's Statement: Plaintiff sees no barrier to class certification as each class member has an identical claim.

Defendant's Statement: Defendant contends that class certification is not proper in this action.

### L. ADR/Mediation.

In the event Defendant's motion for summary judgment is not granted, the parties agree to mediate this action within 30 days of a ruling on Defendant's motion for summary judgment on named Plaintiff's claims, or by September 30, 2013, whichever is later.

### M. Possibility of Consent to Trial Before a Magistrate Judge.

The parties do not consent to trial before a Magistrate Judge.

### N. Pleadings, Including Sufficiency and Amendments, and the Likelihood and Timing of Amendments.

Plaintiff's Statement: Plaintiff does not contemplate filing any amended pleadings.

Defendant' Statement: Defendant does not contemplate filing any amended pleadings.

### O. Joinder of Additional Parties, and the Likelihood and Timing of Joinder of Additional Parties.

Plaintiff's Statement: As no discovery has yet occurred, Plaintiff is not in a position to assess whether it will seek to add other parties.

Defendant's Statement: As no discovery has yet occurred, Defendant is not in a position to assess whether it will seek to add other parties.

**P.      Expert Witnesses (Including Necessity or Waiver of Expert Depositions).**

The parties have not yet identified any expert witnesses, but agree that expert depositions may be required.

**Q.      Damages (Computation Issues and Timing of Damages Discovery).**

Plaintiff's Statement: Plaintiff seeks $500,000 for the class. Of that amount each class member would receive a pro rata share with no class member receiving more than $1,000.

Defendant's Statement: Plaintiff does not seek actual damages under the EFTA. To the extent that Plaintiff can prove liability under the EFTA, which Defendant denies, such damages are capped at a maximum of $500,000 under 15 U.S.C. § 1693m. Moreover, the EFTA's five factors to be considered in determining statutory damages are (1) the frequency and persistence of noncompliance; (2) the nature of such noncompliance; (3) the resources of the defendant; (4) the number of persons adversely affected; and (5) the extent to which the noncompliance was intentional. 15 U.S.C. §1693m(b)(2). These factors all weigh in favor of a low statutory damages award here. First, there is only one ATM at issue. Second, any alleged noncompliance was unintentional and was the result of removal of the fee sticker by a third party, and no fees were charged to any ATM user without first obtaining his or her express consent. Third, no individuals were adversely affected in any way.

**R.      Final Pretrial Order (Including Possibility of Waiver of Order).**

The parties do not anticipate waiving the final pretrial order.

**S.      Possible Trial-Ready Date.**

The parties anticipate that they can be ready for trial approximately 3 months from a ruling on Defendant's motion for summary judgment on named Plaintiff's claim, and anticipate that trial will last approximately 3-5 days.

T. **Court Logistics and Mechanics (e.g., Communication With the Court, Streamlined Motion Practice, Pre-Motion Conferences, etc.).**

The parties do not anticipate any issues with respect to Court logistics and mechanics.

U. **The Need for Additional Meet and Confer Sessions, to Continue to Discuss Issues Raised at the Initial Conference Among Counsel.**

The parties do not anticipate needing an additional meet and confer session.

## II. THE PARTIES' PROPOSED SCHEDULE FOR FACT AND EXPERT DISCOVERY.

See attached Civil Case Management Plan and Scheduling Order.

## III. SETTLEMENT DISCUSSIONS OR MEDIATION.

The parties are currently exploring the prospect of an early resolution to this matter.

Dated: October __/__, 2012     By: _____
Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, PC
P.O. Box 250870
New York, New York 10025
(212) 760-2400
shimshonwexler@yahoo.com

Attorneys for Plaintiff


By: _____
Rebekah Kaufman


Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000
mmcpherson@mofo.com

Rebekah Kaufman (*admitted Pro Hac Vice*)
Colette M. LeBon (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94109
(415) 268-7000
rkaufman@mofo.com
clebon@mofo.com

Attorneys for Defendant

sf-3204200