Shimshon Wexler
THE LAW OFFICES OF SHIMSHON
WEXLER, PC
P.O. Box 250870
New York, New York 10025
(212) 760-2400
shimshonwexler@yahoo.com

Attorneys for Plaintiff

Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY  10104
212.468.8000
mmcpherson@mofo.com

Rebekah Kaufman (*admitted Pro Hac Vice*)
Colette M. LeBon (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94109
(415) 268-7000
rkaufman@mofo.com
clebon@mofo.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | |
|---|---|
| ITA COHEN,<br>on behalf of herself and the class,<br><br>      Plaintiff,<br><br>   -against-<br><br>CAPITAL ONE, N.A.,<br><br>      Defendant. | Index No.  12-CIV-5368-VM<br><br>ECF Case<br><br>**JOINT ELECTRONIC<br>DISCOVERY SUBMISSION<br>NO. 1** |

-----------------------------------------------------------------x

One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests. This Joint Submission (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Electronic Discovery Submission No. 1 is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

(1) **Brief Joint Statement Describing the Action, [e.g., "Putative securities class action pertaining to the restatement of earnings for the period May 1, 2009 to May 30, 2009"]:**

Cohen alleges that Capital One violated the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq., by failing to post a fee notice "sticker" on or near ATM Terminal Number E489 that Capital One operates at 220 East 42nd Street, New York, New York that stated a fee would be imposed for use of the ATM.

    (a) **Estimated amount of Plaintiff(s)' Claims:**

    ____ Less than $100,000

    **X**   Between $100,000 and $999,999

    ____ Between $1,000,000 and $49,999,999

    ____ More than $50,000,000

    ____ Equitable Relief

Other (if so, specify) _____

    (b) **Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

    ____ Less than $100,000

\_\_\_\_  Between $100,000 and $999,999

\_\_\_\_  Between $1,000,000 and $49,999,999

\_\_\_\_  More than $50,000,000

\_\_\_\_  Equitable Relief

Other (if so, specify): Not applicable

(2) **Competence.** Counsel certify that they are sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

(3) **Meet and Confer.** Pursuant to Fed. R. Civ. P. 26(f), counsel are required to meet and confer regarding certain matters relating to electronic discovery before the Initial Pretrial Conference (the Rule 16 Conference). Counsel hereby certify that they have met and conferred to discuss these issues.

Date(s) of parties' meet-and-confer conference(s): September 27, 2012

(4) **Unresolved Issues:** After the meet-and-confer conference(s) taking place on the aforementioned date(s), the following issues remain outstanding and/or require court intervention: \_\_\_\_ Preservation; \_\_\_\_ Search and Review; \_\_\_\_ Source(s) of Production; \_\_\_\_ Form(s) of Production; \_\_\_\_ Identification or Logging of Privileged Material; \_\_\_\_ Inadvertent Production of Privileged Material; \_\_\_\_ Cost Allocation; and/or Other (if so, specify) _____. To the extent specific details are needed about one or more issues in dispute, describe briefly below.

At this time, no electronic discovery issues remain outstanding or require court intervention.

As set forth below, to date, the parties have addressed the following issues:

(5) **Preservation.**

    (a) **The parties have discussed the obligation to preserve potentially relevant electronically stored information and agree to the following scope and methods for preservation, including but not limited to: retention of electronic data and implementation of a data preservation plan; identification of potentially relevant data; disclosure of the programs and manner in which the data is maintained; identification of computer system(s) utilized; and identification of the individual(s) responsible for data preservation, etc.**

<u>Plaintiff(s)</u>:

Plaintiff believes that no potentially relevant documents that would be produced by Plaintiff are stored electronically, and Plaintiff accordingly will not engage in electronic discovery at this time.

<u>Defendant(s)</u>:

The parties have discussed the obligation to preserve potentially relevant electronically stored information and do not anticipate any disputes regarding the same. Defendant distributed a Litigation Hold Order to all individuals that may have relevant documents and information, has conducted custodian interviews to identify potentially relevant data and the location of such data, and is preserving any potentially relevant data.

    (b) **State the extent to which the parties have disclosed or have agreed to disclose the dates, contents, and/or recipients of "litigation hold" communications.**

While the parties do not anticipate disclosing the dates, contents, and/or recipients of "litigation hold" communications at this time, they are open to such disclosure if it becomes warranted for any reason.

    (c) **The parties anticipate the need for judicial intervention regarding the following issues concerning the duty to preserve, the scope, or the method(s) of preserving electronically stored information:**

The parties do not anticipate that judicial intervention will be required concerning document preservation.

sf-3204415

(6) **Search and Review**

    (a)    **The parties have discussed methodologies or protocols for the search and review of electronically stored information, as well as the disclosure of techniques to be used. Some of the approaches that may be considered include: the use and exchange of keyword search lists, "hit reports," and/or responsiveness rates; concept search; machine learning, or other advanced analytical tools; limitations on the fields or file types to be searched; date restrictions; limitations on whether back-up, archival, legacy, or deleted electronically stored information will be searched; testing; sampling; etc. To the extent the parties have reached agreement as to search and review methods, provide details below.**

<u>Plaintiff(s)</u>:

Plaintiff will not engage in electronic discovery.

<u>Defendant(s)</u>:

The parties have discussed Defendant's "search and review" methods and Defendant has exchanged its proposed e-discovery search terms with Plaintiff, who agreed to such terms. The parties have agreed that the e-mails of the custodians identified will be searched using a combination of the key words. This subset of documents will then be reviewed for relevance and responsiveness.

    (b)    **The parties anticipate the need for judicial intervention regarding the following issues concerning the search and review of electronically stored information:**

The parties do not anticipate that judicial intervention will be required concerning the search or review of electronic documents.

(7) **Production**

    (a)    **Source(s) of Electronically Stored Information.** The parties anticipate that discovery may occur from one or more of the following potential source(s) of electronically stored information [e.g., email, word processing documents, spreadsheets, presentations, databases, instant messages, web sites, blogs, social media, ephemeral data, etc.]:

<u>Plaintiff(s)</u>:

Plaintiff will not engage in electronic discovery.

sf-3204415

Defendant(s):

The parties have agreed that Defendant will search the e-mails of the custodians identified, including any electronic document e-mail attachments, and that discovery may also occur from the custodians' word processing documents, spreadsheets, presentations, and/or databases in which such documents are stored.

**(b)  Limitations on Production. The parties have discussed factors relating to the scope of production, including but not limited to: (i) number of custodians; (ii) identity of custodians; (iii) date ranges for which potentially relevant data will be drawn; (iv) locations of data; (v) timing of productions (including phased discovery or rolling productions); and (vi) electronically stored information in the custody or control of non-parties. To the extent the parties have reached agreements related to any of these factors, describe below:**

Plaintiff(s):

Plaintiff will not engage in electronic discovery.

Defendant(s):

The parties have discussed limitations on production and do not anticipate any disputes regarding the same. Defendant has identified 22 custodians based on employee interviews, has searched for documents in the date range of July 7, 2011 through the present, and will produce documents in accordance with the timeframe mandated by Federal Rule of Civil Procedure 34.

**(c)  Form(s) of Production:**

  **(1)  The parties have reached the following agreements regarding the form(s) of production:**

Plaintiff(s):

Plaintiff will not engage in electronic discovery.

Defendant(s):

Defendant has agreed to produce documents to Plaintiff as Concordance load files.

sf-3204415

 (2) Please specify any exceptions to the form(s) of production indicated above (e.g., word processing documents in TIFF with load files, but spreadsheets in native form):

No exceptions.

 (3) The parties anticipate the need for judicial intervention regarding the following issues concerning the form(s) of production:

The parties do not anticipate that judicial intervention will be required concerning the form of production of electronic documents.

(d) **Privileged Material.**

 (1) Identification. The parties have agreed to the following method(s) for the identification (including the logging, if any, or alternatively, the disclosure of the number of documents withheld), and the redaction of privileged documents:

The parties have agreed to withhold documents that are privileged and/or constitute attorney work product in their entirety and to redact documents that are partially privileged and/or partially contain attorney work product. Both withheld and redacted documents will be listed on a privilege log and exchanged with the opposing party.

 (2) Inadvertent Production / Claw-Back Agreements. Pursuant to Fed R. Civ. Proc. 26(b)(5) and F.R.E. 502(e), the parties have agreed to the following concerning the inadvertent production of privileged documents (e.g. "quick-peek" agreements, on-site examinations, non-waiver agreements or orders pursuant to F.R.E. 502(d), etc.):

The parties agree that:

(a) If, in connection with the pending litigation, a party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Disclosing Party

7

sf-3204415

would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

(b) If a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the Receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

(c) Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

(d) The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information (a "Privilege Motion"), but the receiving party may not assert as a ground for compelling production of the Inadvertently Disclosed Information the facts or circumstances of the inadvertent disclosure. The Privilege Motion shall be filed under seal.

(e) The Disclosing Party retains the burden of establishing privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Inadvertently Disclosed Information.

  (3) The parties have discussed a 502(d) Order. Yes \_\_\_\_ ; No \_\_X\_\_
    The provisions of any such proposed Order shall be set forth in a
    separate document and presented to the Court for its consideration.

(e) **Cost of Production.** The parties have analyzed their client's data repositories and have estimated the costs associated with the production of electronically stored information. The factors and components underlying these costs are estimated as follows:

  (1) **Costs:**

<u>Plaintiff(s)</u>:

Plaintiff will not engage in electronic discovery.

<u>Defendant(s)</u>: Defendant has not yet completed its electronic discovery searches and cannot estimate the costs of production at this time.

  (2) **Cost Allocation.** The parties have considered cost-shifting or cost-sharing and have reached the following agreements, if any:

The parties have agreed to cover their own costs for the time being, but reserve the right to reassess this issue in the future should burdensome requests be made.

  (3) **Cost Savings.** The parties have considered cost-saving measures, such as the use of a common electronic discovery vendor or a shared document repository, and have reached the following agreements, if any:

The parties have not reached any agreements regarding cost saving measures.

(f) **The parties anticipate the need for judicial intervention regarding the following issues concerning the production of electronically stored information:**

The parties do not anticipate that judicial intervention will be required concerning the form of production of electronic documents.

**Other Issues:**

None.

**The next scheduled meet-and-confer conference to address electronic discovery issues, including the status of electronic discovery and any issues or disputes that have arisen since the last conference or Order, shall take place on:** Not applicable—the parties do not anticipate needing an additional meet and confer with respect to electronic discovery issues, but have agreed to be available generally for such a meet and confer should it become necessary.

**The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date. To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.**

sf-3204415

Dated: October 11, 2012     By: _____
Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, PC
P.O. Box 250870
New York, New York 10025
(212) 760-2400
shimshonwexler@yahoo.com

Attorneys for Plaintiff


By: _____
Rebekah Kaufman


Mark David McPherson
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104-0050
(212) 468-8000
mmcpherson@mofo.com

Rebekah Kaufman (*admitted Pro Hac Vice*)
Colette M. LeBon (*admitted Pro Hac Vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94109
(415) 268-7000
rkaufman@mofo.com
clebon@mofo.com

Attorneys for Defendant