```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/13
```

ITA COHEN,
on behalf of herself and the class,

                      Plaintiff,

-against-

CAPITAL ONE, N.A.,

                      Defendant.

12 Civ. 5368 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

Plaintiff Ita Cohen ("Cohen") brought this action on behalf of herself and a purported class of similarly situated persons against defendant Capital One, N.A. ("Capital One"), alleging violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. and its implementing regulations 12 C.F.R. 205 et seq. (hereinafter referred to collectively as the "EFTA"). The Court conducted a bench trial on January 7, 2013 and January 30, 2013 to adjudicate Cohen's claims.

The Court now sets forth its findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

## I. FINDINGS OF FACT

On February 14, 2012, Cohen withdrew $20.00 from a Capital One ATM located at 220 East 42nd Street, New York,

NY, Terminal No. E489 (the "E489 ATM"). (Pl.'s Ex. 1.) At the time of the withdrawal, Cohen did not have a Capital One debit card. Therefore, Cohen was charged a "terminal fee" of $3.00 for her cash withdrawal. (Pl.'s Ex. 1.) During her withdrawal transaction, Cohen was notified on the E489 ATM's electronic screen that she would be charged a $3.00 terminal fee if she chose to proceed with the transaction. Cohen agreed to proceed with the transaction, knowing that she would be charged a $3.00 terminal fee. After completing the withdrawal, Cohen received a transaction receipt that also documented the $3.00 terminal fee. (Pl.'s Ex. 1.) Cohen did not, however, observe a fee sticker, notifying customers that a terminal fee could be imposed, anywhere on the E489 ATM. (Pl.'s Exs. 2 & 3.)

Capital One argues that, to the extent there was not a fee sticker on the E489 ATM at the time of Cohen's transaction, the absence of a fee sticker "was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error." 15 U.S.C. § 1693m(c).

Brad Thurman ("Thurman"), senior process manager for Capital One Financial's ATM Operations Department, testified on Capital One's fee sticker maintenance policies and procedures. The ATM Operations Department, a nine-person

team supervised by Thurman, is responsible for the monitoring and maintenance of fee stickers. The ATM Operations Department maintains a set of ATM Quality Assurance Monitoring Procedures. (Def.'s Ex. A.) These procedures include a section entitled "Fee Disclosure Sticker on ATMs," which documents the "Quality Assurance Process" for monitoring the maintenance of fee stickers on Capital One ATMs. (Id.) Pursuant to the Quality Assurance Process, Capital One employs a vendor, currently ATA Services ("ATA"), to complete site survey visits to every Capital One ATM, including approximately 2,000 ATMs in Manhattan. (Id.) ATA visits each Capital One ATM, usually quarterly, and takes pictures of the ATM to document missing or damaged fee stickers. (Def.'s Ex. A.) ATA prepares quarterly reports on each ATM, which are sent to and reviewed by Capital One's ATM Operations Department. (Id.) If the fee sticker is missing or damaged, the ATM Operations Department will send a new fee sticker to either ATA or the Capital One branch responsible for the ATM in question, which is documented in the ATA report. (Id.) The Capital One branch must then send written confirmation that it has received and installed the replacement fee sticker.

In 2011, ATA visited the E489 ATM four times: once in January, once in April, once in July, and once in October.

(Def.'s Ex. B.) During those quarterly visits, ATA did not find that the fee sticker on the E489 ATM was damaged or missing. (Id.; see also Def.'s Exs. D & E.) In 2012, ATA also visited the E489 ATM in question four times: again once in January, once in April, once in July, and once in October. (Def.'s Ex. C.) During those quarterly visits, ATA did not find that the fee sticker on the E489 ATM was damaged or missing. (Id.; see also Def.'s Ex. F, J, K.)

On May 10, 2011, Capital One contracted with Golden Eagle Nationwide Implementation Solutions ("Golden Eagle") to replace certain Capital One ATMs with upgraded machines that comply with certain requirements of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). (Def.'s Ex. G.) The Golden Eagle contract required Golden Eagle to "[a]dd any required decals, stickers or plaques for compliance" to the replacement machines. (Id.) On February 9, 2012, Golden Eagle removed the original machine installed at 220 East 42nd Street, New York, NY and replaced it with an ADA-compliant machine. Five days later, Cohen engaged in her withdrawal transaction at that location.

On February 21, 2012, the Capital One branch responsible for the E489 ATM notified Capital One's ATM Operations Department that the fee sticker was missing. The ATM Operations Department mailed a replacement fee sticker

to the Capital One branch by next-day mail, which was received by the Capital One branch and applied to the E489 ATM on February 22, 2012. (Def's Ex. H.) On April 6, 2012, Golden Eagle took a photograph of the E489 ATM, documenting the presence of a fee sticker. (Def.'s Ex. I.)

## II. CONCLUSIONS OF LAW

The EFTA requires "any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice . . . of (i) the fact that a fee is imposed by such operator for providing the service; and (ii) the amount of any such fee." 15 U.S.C. § 1693b(d)(3)(A). This notice must be "posted in a prominent and conspicuous location on or at the automated teller machine" and "on the screen of the automated teller machine, or on a paper notice issued from such machine." 15 U.S.C. § 1693(d)(3)(B).

The EFTA also provides that defendants can assert certain affirmative defenses. Under EFTA, "a person may not be held liable in any action brought under this section . . . if the person shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error." 15 U.S.C. § 1693m(c).

The Court is persuaded by the evidence submitted and the testimony given by Cohen that, at the time of Cohen's transaction, the fee sticker required under EFTA was not "posted in a prominent and conspicuous location on or at the" E489 ATM, even though Cohen did receive notice of the terminal fee "on the screen" of the E489 ATM and "on a paper notice issued from" the E489 ATM. 15 U.S.C. § 1693(d)(3)(B). Indeed, at the bench trial, Capital One did not seriously contest these facts.

However, the Court is also persuaded by the evidence submitted by Capital One and the testimony given by Thurman, that the absence of the fee sticker on the E489 ATM was "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1693m(c). Capital One demonstrated that it has in place robust procedures intended to monitor and maintain the fee stickers on its thousands of ATMs nationwide, including quarterly site visits and a rapid-response system for quickly replacing missing or damaged fee stickers. In the case of the E489 ATM, Capital One expeditiously mailed a new fee sticker to the Capital One branch responsible for that ATM, rectifying the problem within one day of notice being sent to the ATM Operations Department and only one week after

Cohen's transaction. It appears likely that the absence of the fee sticker was due to a bona fide error on the part of Golden Eye notwithstanding explicit instructions in the May 10, 2011 Golden Eye contract to "[a]dd any required decals, stickers or plaques for compliance" or the maintenance of these procedures reasonably adapted to prevent such errors. (Def.'s Ex. G.)

### III. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the Clerk of Court is directed to enter judgment in favor of defendant Capital One, N.A., dismissing the complaint of plaintiff Ita Cohen; and it is further

**ORDERED** that the Clerk of Court is directed to withdraw any pending motions and to close this case.

SO ORDERED:

Dated:   New York, New York
         30 January 2013

_____
Victor Marrero
U.S.D.J.